**Diane SCHMITT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 44A03–9306–CR–193.**

Court of Appeals of Indiana,
Third District.

May 11, 1994.

Latriealle Wheat, Angola, for appellant-defendant.

Pamela Carter, Atty. Gen. of Indiana, Julie Zandstra Frazee, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, IN, for appellee-plaintiff.

GARRARD, Judge.

Diane Schmitt appeals her conviction for theft, a Class D felony,[1] resulting from a check that was dishonored because the account was closed. We reverse.

1. Ind.Code § 35–43–4–2.

The state presented two witnesses at trial; the defense, none. The state's first witness was the office manager of Riegseckers, Inc. She identified State's Exhibit 1 as a check that had been received by the store and returned with the indication that the account upon which the check was drawn was closed. She had no knowledge of who signed the check or who delivered it to the store. From her experience she was of the opinion that the check had been delivered to purchase something from the store, but she had no personal knowledge of what. She did not testify when the check was received or when it was dishonored. She testified that she had mailed a form letter notification of the dishonor to John N. Schmitt, Diane Schmitt, 1616 S. Ridgeland, Berwyn, IL 60402. That letter bore a date of August 21, 1990.

The second witness, a jail officer for La-Grange County, testified that the defendant's social security number and date of birth matched those that had been written in on the reverse side of the check.

The check bore the imprinted names "John N. Schmitt and Diane T. Schmitt" together with a telephone number and an address in Berwyn, Illinois. The check bore the date 8/11/1990. The check was stamped on the front "Returned Not Paid Because Account Closed." In the upper right hand corner of the area within the rectangle outline of the returned stamp someone had written "8–16." The notification letter (Exhibit 2) was addressed to Schmitts at the address which appeared on the check.

I.C. 35–43–4–2(a) under which Schmitt was prosecuted defines the offense as "knowingly or intentionally exert[ing] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use."

Pursuant to I.C. 35–43–4–1(b)(6), unauthorized control may be established by showing the defendant obtained the property by promising performance that the person knows will not be performed. The charging information against Schmitt asserted she did this by delivering the check knowing that it would not be paid or honored by the drawee.

Assuming Schmitt executed and delivered the check, the fatal flaw in the state's case is the total lack of evidence that at the time she did so she either believed or had reason to believe that the check would not be honored when presented.

To overcome this deficiency the state argues that the necessary inference can be supplied by I.C. 35–43–4–4(e), which permits knowledge and intent to be inferred where "a person who has insufficient funds in or no account with a drawee credit institution ... makes, draws, or utters a check...."

Since the state failed to present any evidence as to when the account was closed, it would be pure conjecture to conclude that it was closed at the time the check was written or delivered. Without the presence of that trigger, the statutory inferences in I.C. 35–43–4–4(e) are not available, and we are left with a failure of proof on the necessary element of intent.

The conviction is reversed and the defendant is ordered discharged.

HOFFMAN and CHEZEM, JJ., concur.